HARKAVY v. ZISMAN.

(Supreme Court, Appellate Term. November 29, 1905.)

1. ATTORNEY AND CLIENT—CONTRACT OF RETAINER—CONSTRUCTION.

Where an attorney dictated a contract of retainer, the client not being able to read English and knowing nothing of what she signed, except as he explained it to her, it should be construed in favor of the client as favorably as the language will permit.

2. SAME—COLLECTIONS—ACTION TO RECOVER—BURDEN OF PROOF.

In an action by a client to recover moneys collected by an attorney, the burden was on defendant to prove that he was justified in having made a settlement for a less sum than that agreed on between himself and the client.

3. INTEREST—MONEY COLLECTED BY ATTORNEY.

In an action against an attorney to recover moneys collected by him for plaintiff, defendant was liable to pay interest only from the time that he actually collected the money.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, § 237.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Minnie Harkavy against Leonard N. Zisman. From a judgment in favor of plaintiff, defendant appeals. Modified and affirmed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Horace London, for appellant.
Samuel Silinsky, for respondent.

SCOTT, P. J. The contract of retainer is so badly expressed that it is not easy to gather just what it means. It appears, however, that it was dictated by defendant himself, a lawyer; that plaintiff could not read English, and knew nothing about what she signed, except as defendant explained it to her. She is therefore entitled to the most favorable reading of which the language is capable. So read, it appears to provide that plaintiff shall bear the costs in the

first instance, and that the amount collected, less whatever costs defendant might pay out, should be equally divided. She did advance $25, and there is no evidence that the costs legitimately chargeable against her amounted to more than that sum. While plaintiff admittedly consented to a settlement for $275, there is no credible evidence that she was consulted about or consented to a settlement for a smaller sum, or to the employment of other counsel. Nor is it made to appear that defendant could not with diligence have recovered the whole $275, if not from the bank, from the defendant in the action, or that it was necessary to retain counsel. If the reduction of the actual recovery for $275 to $200 was justifiable, the burden rested on defendant to prove this fact, and he did not sustain the burden satisfactorily. The jury quite reasonably found against him on his claim that a new agreement was made between plaintiff and himself whereby she agreed that he might keep the whole recovery.

We find no errors in the record of the trial which require a reversal in the interests of justice. The judgment, however, probably by inadvertence, included too large a sum for interest. The defendant became liable to pay interest only when he had actually collected the money. The evidence is that this was on September 18, 1903, and the trial was on May 17, 1905. The interest on $137.50 for one year and eight months is only $13.75, and not $17.18, which was the amount allowed for interest in the judgment.

The judgment should therefore be reduced to the sum of $168.25, and, as so modified, affirmed, with costs. All concur.